IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-00012-FL

**Nathaniel Henderson**,

        Plaintiff,

v.

**America PAC**,

        Defendant.

**Order &
Memorandum & Recommendation**

Nathaniel Henderson, proceeding pro se, would like to sue America PAC for issues related to his employment. *See* Compl. at 2, D.E. 1. He also seeks to proceed without paying the standard filing fee for civil actions. IFP Mot., D.E. 2. The court will waive the filing fee because Henderson lacks the resources to pay it. But because Henderson's proposed complaint fails to establish that this court has jurisdiction, the undersigned recommends that the court dismiss his complaint without prejudice.

## I.    IFP Motion

Henderson asks the court to allow him to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding *in forma pauperis* or IFP). The court may grant this request if he submits an affidavit describing his assets and the court finds that he cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The court has reviewed Henderson's application and finds that he lacks the resources to pay the costs associated with this litigation. The court thus grants his motion (D.E. 2) and allows him to proceed IFP.

## II. Screening Under 28 U.S.C. § 1915

After determining that Henderson is entitled to IFP status, the court must analyze the viability of his claims. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Courts may also consider whether they have subject matter jurisdiction when conducting the § 1915 screening. Unlike their state counterparts, federal courts have jurisdiction only over a limited set of cases and controversies. They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

In most civil cases, a court obtains subject matter jurisdiction in one of two ways. First, under "federal question jurisdiction," a federal court will have jurisdiction to resolve a claim if it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Second, a federal court may have authority to hear a case through what is known as diversity jurisdiction. This type of jurisdiction exists if the amount at issue exceeds $75,000 and the parties to the case are citizens of different states. 28 U.S.C. § 1332.

Henderson checked a box on his complaint indicating that he believes this court can hear the case under its federal question jurisdiction. But there are no federal claims in the complaint.

2

Instead, his complaint involves an alleged failure to pay him wages for work he performed for a subsidiary of America PAC. Compl. at 4. Breaches of contract are, in most cases, matters of state law and, absent some other basis for federal jurisdiction, need to be heard in state court. *See, e.g.*, *Capps* v. *Newmark S. Region, LLC*, 53 F.4th 299, 303 (4th Cir. 2022) (per curiam) (holding that the district court lacked jurisdiction to hear contract claims because the parties were not diverse, and the claims arose out of state law). So Henderson has not established that he can rely on federal question jurisdiction to pursue his case. *See* Compl. at 3.

The complaint also demonstrates that the court cannot hear this case under its diversity jurisdiction. There appears to be diversity between the parties—Henderson is a North Carolina citizen and America PAC may be a Texas corporation. Compl. at 4. But Henderson alleges less than $12,000 in damages. Since he is not seeking more than $75,000 in damages, he cannot rely on diversity jurisdiction to bring his claim in this court.

Given that Henderson has not established that this court has subject-matter jurisdiction over this dispute, the court cannot hear his case. The district court should dismiss his complaint without prejudice.

## III. Conclusion

For the reasons discussed above, the court grants Henderson's motion to proceed IFP. D.E. 2. But his complaint fails to establish subject matter jurisdiction. So the undersigned recommends that the court dismiss the complaint (D.E. 1) without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation (M&R) on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party

may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: January 21, 2025.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE