IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:25-CV-12-FL

| | | |
|---|---|---|
| NATHANIEL HENDERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICA PAC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of plaintiff's complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II entered January 21, 2025, a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's claims be dismissed. Plaintiff filed objections January 27, 2025 (DE 5). For the following reasons, the court adopts the M&R and dismisses plaintiff's complaint without prejudice for lack of subject matter jurisdiction.

**BACKGROUND**

The complaint asserts as follows:

> On October 16th, 2024, the plaintiff began working for Blitz Canvassing, a sub-contractor of America PAC. As a canvasser, the plaintiff was required to knock on resident's [sic] doors to collect voter information, help voters request absentee ballots, and collect signatures for a petition. America PAC promised to pay $47.00 for each signature collected. The plaintiff collected 206 signatures has not [sic] been paid. The plaintiff is asking this honorable court to order America PAC to pay $9,682 for signatures collected, $1,000.00 for a bonus promised, and $1,000.00 in punitive damages. A total of $11,682.00.

(Compl. 4).

## COURT'S DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.   Analysis

Plaintiff objects to the magistrate judge's determination that the complaint must be dismissed for lack of subject matter jurisdiction. The court agrees with the magistrate judge that no facts or claims supporting federal jurisdiction appear in the complaint.

First, plaintiff does not challenge the magistrate judge's determination that diversity jurisdiction does not exist here for failure to meet the amount in controversy requirement of $75,000. 28 U.S.C. § 1332(a).

Plaintiff objects, however, to the magistrate judge's conclusion on federal question jurisdiction. The magistrate judge viewed plaintiff's allegations as making an ordinary breach of contract claim, which are generally matters of state law not appropriately heard in federal court unless through diversity jurisdiction. See generally, e.g., Capps v. Newark S. Region, LLC, 53 F.4th 299 (4th Cir. 2022) (dismissing breach of contract claim which did not satisfy diversity

jurisdiction requirements). Plaintiff responds that the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Thirteenth Amendment to the United States Constitution provide a basis for relief. However, neither claim appears in the complaint. (See generally Compl.). Parties "cannot amend their complaints through briefing or [other] advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184–85 (4th Cir. 2013). The court therefore declines to consider these claims made solely in plaintiff's objections. Accordingly, because the only claim in the complaint is for breach of contract, there is no federal question jurisdiction and the complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R (DE 5). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge